[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the second count nuisance claim of the complaint.
On October 24, 1991 the plaintiff, David Fagan, filed a two count complaint. The plaintiff alleges in count one that the defendant, Keating Brothers Construction Company, Inc., was engaged in construction work at the Enfield State Prison, and, as a part of this construction work, the defendant created and maintained a ditch, and placed a steel door over the ditch in order to permit passage over the ditch. The plaintiff alleges that while he was an inmate at this prison, he attempted to walk on the steel door, and he slipped and fell into the ditch. As a result of the fall, the plaintiff allegedly suffered personal injuries.
In the first count, the plaintiff alleges that his fall and resulting injuries were caused by the defendant's negligence.
In the second count, the plaintiff alleges that the "defendant, Keating created and maintained a condition at the Enfield State Prison which was likely and had a natural tendency to cause danger and inflict injury to persons lawfully on the premises, and such conduct constituted a nuisance." The plaintiff alleges that his fall and resulting injuries were caused by this nuisance. CT Page 2352
On January 16, 1992 the defendant filed a motion to strike the second count of the complaint and a memorandum of law in support thereof. The motion is made on the grounds that the second count is legally insufficient and fails to state a claim upon which relief can be granted.
On January 29, 1992 the plaintiff filed an objection to the motion to strike.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34, 37, 522 A.2d 1235
(1987). The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). In passing upon a motion to strike, the trial court should only consider the grounds specified by the moving party. Blancato v. Feldspar Corp., supra, 44. Morris v. Hartford Courant Co., 200 Conn. 676, 682, 513 A.2d 66 (1986).
The defendant argues that the plaintiff has not alleged sufficient facts to state either a private nuisance or public nuisance cause of action. The defendant argues that a private nuisance exists only where one is injured in relation to a right enjoyed by reason of his or her ownership of an interest in the land. The defendant states that the plaintiff does not own an interest in the prison's land, because the land is owned by the State. The defendant argues that a public nuisance exists only where the nuisance affects a right common to the general public, and, in the present case, the plaintiff was injured while walking on prison grounds, a right which is not available to the general public.
The plaintiff argues that he has stated a private nuisance cause of action, because he is an occupier of the prison's land with some degree of interest in the land. The plaintiff argues that he has stated a public nuisance cause of action, because the ditch "was dangerous to the prison public generally."
 [I]n order to prevail on a claim of nuisance, a plaintiff must prove that:
 `(1) the condition complained of had a natural tendency to create danger and inflict injury upon CT Page 2353 person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages.'
Doe v. Manheimer, 212 Conn. 748, 755-56 n. 4, 563 A.2d 699 (1989).
 A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure.
Couture v. Board of Education, 6 Conn. App. 309, 314,505 A.2d 432 (1986), citing Webel v. Yale University, 125 Conn. 515,525, 7 A.2d 215 (1939).
"It is `generally agreed that anyone who has no interest in the property affected, such as a licensee, an employee or a lodger on the premises, cannot maintain an action based on a private nuisance.'" Kriksciun v. Giudice, 3 CTRL 273 (February 8, 1991, Berdon, J.), citing Prosser Keeton, Torts (5th ed.) 87, p. 621. In the present case, the plaintiff has not alleged ownership or possession of the land on which he allegedly was injured. Hence, the complaint does not state a claim for private nuisance.
Where public nuisance is alleged, the plaintiff must show that the condition or conduct complained of interfered with a right common to the general public. Doe v. Manheimer, supra, 756, n. 4; State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183, 527 A.2d 688 (1987).
In Higgins v. Connecticut Light Power Co., 129 Conn. 606,30 A.2d 388 (1943) the Connecticut Supreme Court upheld the trial court's refusal of the plaintiff's request to give the jury instructions regarding public nuisance. The plaintiffs, while engaged in trimming trees for the highway department, contacted the defendant's electrical cables, and suffered injuries. The court held;
 A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence. . . . There is no claim of proof that the wires were dangerous to the public generally. It is not expected that CT Page 2354 the general public will climb thirty-foot trees in the highway. Obviously, the plaintiff's claim for recovery was based upon their peculiar and particular relation to the defendant and not upon their rights as members of the general public.
Id., 611-12.
In the present case the plaintiff has not alleged that the dangerous conditions were a danger to the several public. Hence, the complaint does not state a claim for public nuisance.
The court concludes that the plaintiff has failed to state a legally sufficient nuisance claim. Accordingly, the motion to strike the second count is granted.
MARY R. HENNESSEY, JUDGE