[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE 6TH COUNT OF COMPLAINT
This action arises from plaintiff's claim that she was attacked by a pitbull terrier which was allegedly kept near the front entrance of premises located at 211 Albany Turnpike, Route 44, Canton, Connecticut, and operated as a bar/restaurant known as "Zindies." Defendants seek to strike the sixth count of plaintiff's amended complaint dated July 31, 1990 for legal insufficiency.
 I. Plaintiff's failure to file a memorandum in opposition to defendants' motion to strike.
Conn. Practice Book 155, as amended, Conn. Law Journal, July 18, 1989 at 3c, provides, in pertinent part: "Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies. If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered in the short calendar, file and serve in accordance with Section 120 a memorandum of law." Prior to the amendment to Conn. Practice Book 155, a party who failed to timely file a memorandum of law in opposition to a motion to strike was deemed to have consented to the granting of the motion. See Hughes v. Bemer, 200 Conn. 400 (1986). With the deletion of the foregoing provision from section 155, the failure to timely file an opposing memorandum will not necessarily be fatal and the court may therefore address the merits of the motion. However, despite the amendment to Conn. Practice Book 155, the filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such may still serve as a ground for granting a motion to strike.
 II. Defendants' motion to strike the sixth count of plaintiff's amended complaint.
Defendants urge that the sixth count of plaintiff's complaint fails to state an actionable nuisance claim.
The Connecticut courts have long recognized that there are to types of nuisance: public and private.
 "A private nuisance exists only where one is injured in relation to a right he enjoys by reason of his ownership of an interest in land, `In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property CT Page 2346 of which he is in possession without regard to the quality of the tenure.' Pollock, Torts (13th Ed.) 442; Salmond, Torts (8th Ed.) 235; Harper, Torts, 179." Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939). In contrast, "`[n]uisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to public rights, `that is, the rights enjoyed by citizens as part of the public.' 39 Am.Jur. 286. . . . `[I]f the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.' (Citations omitted)." Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611-12, 30 A.2d 388 (1943).
Couture v. Board of Education, 6 Conn. App. 309, 314-15 (1986).
The sixth count does not seek to state a claim for private nuisance, for plaintiff does not allege injury in relation to his ownership of an interest in land. See Id.
The sixth count fails to state a cognizable claim for public nuisance. As the Connecticut Supreme Court noted in Webel v. Yale University, 125 Conn. 515, 524 (1939): "One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance."
In the instant case:
 As a patron, the plaintiff was an invitee . . . . While members of the general public were unquestionable welcome to enter . . . and [perhaps] even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by actions as part of the public. The public was invited to enter but there was no public right to do so, and the defendant's establishment was not a public place where the public had a right to be. The CT Page 2347 plaintiff was not in the exercise of any public right while on the defendant's premises and he cannot base his right to recover upon the existence of a public nuisance.
(Emphasis added). Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355,357 (Super Ct., Palmer, J. (1967).
Accordingly, defendants' motion to strike the sixth count of plaintiff's amended complaint is granted.
J. B. Clark, J.