[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
The defendants Monitor Management and Cibero Three USA, Inc. have moved to strike counts one, three and four of plaintiffs' complaint. The plaintiff, Yvonne Smith, alleges the following in count one of her complaint:
 1. That defendant monitor Management operates the Hawley Lane Mall in Trumbull, Connecticut, and said mall is owned by Cibero Three USA, Inc.
 2. That plaintiff tripped and fell in the front entranceway of said mall.
 3. That plaintiff caught her foot in a wrinkled area rug in the entranceway, that the wrinkle rug caused her to fall, that she was injured as a result of the fall, and that the wrinkled rug was the proximate cause of her injuries.
 4. That the wrinkled rug had as inherent or natural tendency to create danger and inflict injury on customers, that it was an unreasonable surface upon which to walk, and that it remained in a wrinkled condition for an unreasonable length of time.
In count three the plaintiff alleges that mall owner, Cibero Three USA, Inc., hired defendant Monitor Management to manage the shopping mall and either directly or indirectly, to supply certain scatter rugs, mats and/or carpets in conjunction with operating the mall.
The plaintiff further alleges in count four that plaintiff's husband has sustained a loss of consortium, and has CT Page 198 expended money for medical costs for the plaintiff wife's injuries.
A motion to strike properly challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). The plaintiff must allege some recognizable cause of action in his complaint. Robert S. Weiss and Associates v. Wiederlight, 208 Conn. 525, 535, n. 5 (1988). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988), and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367,370 (1986).
The instant complaint alleges a cause of action sounding in nuisance. Four elements must be present in order to establish a nuisance: (1) the condition complained of had a natural tendency to create danger and inflict injure upon person or property; (2) the danger created was a continuing one; (3) use of the land was unreasonable or unlawful; and (4) the nuisance was the proximate cause of the plaintiff's injuries and damages. State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183 (1987). Additionally, a claim of public nuisance must sufficiently allege facts that demonstrate that the condition or conduct complained of interfered with a right common to the general public. Id. at 183.
There are two types of nuisance: public and private. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. `In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure.' Pollock, Torts (13th Ed.) 442; Salmond, Torts (8th Ed.) 235; Harper, Torts, 179." Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939). In contrast, "`[n]uisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to public rights, `that is, the rights enjoyed by citizens as part of the public.' 39 Am. Jur. 286. . . . `[I]f the annoyance is one that is common to the public generally, then it is a public nuisance . . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.' Nolan v. New Britain, 69 Conn. 668, 67838 A. 703 (1897); Hassett v. Palmer, 126 Conn. 468, 476,12 A.2d 646 (1940); Croughwell v. Chase Brass Copper Co., CT Page 199128 Conn. 110, 112 20 A.2d 619 (1941)." Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611-12,30 A.2d 388 (1943). Couture v. Board of Education, 6 Conn. App. 309,314-15 (1985).
The plaintiff has alleged, in count one, paragraph 7a that the wrinkled area rug in the front entrance of the shopping mall had a [sic] inherent or natural tendency to create danger and to inflict injury on those customers entering said premises. The plaintiff has alleged a continuing danger in count one, paragraph 7(c). The plaintiff has further alleged in count one, paragraph 7(b) that the wrinkled rug in the mall entryway was the proximate cause of the injury. Although the plaintiff has not specifically alleged the third element of a nuisance claim, i.e., "the use of the land was unreasonable or unlawful", Count one, paragraph 7(b) alleges that the "wrinkled rug was an unreasonable surface for customers entering the premises. . .".
However, plaintiff has failed to allege facts and is unable to demonstrate that she was entering the shopping mall as a matter of public right or that the condition complained of interferred with a right common to the general public or that the Hawley Lane Mall was public property.
 One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance.
Webel v. Yale University, 125 Conn. 515, 524-25 (1939); Cimino v. Yale University, 638 F. Sup. 952, 954 (D.Conn. 1986).
 "As a patron, the plaintiff was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the store, and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the defendant's establishment was not a public place where the public had a CT Page 200 right to be. The plaintiff was not in the exercise of any public right while on the defendant's premises, and he cannot base his right to recover upon the existence of a public nuisance. It does not appear in the complaint whether the defendant was the owner of the premises in question or a tenant thereof, but in either case the same principles of law must be applied. See Webel v. Yale University, supra, 524, there the operator of a beauty shop was a tenant." Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355 (1967).
See also Lindsay v. Supermarkets General Corporation,1 CTLR 463 (1990); Schmidt v. Stephen World of Wheels, Inc.,2 CTLR 104 (1990).
The plaintiff is precluded from recovering for private nuisance because she suffered no injury in relation to her ownership of an interest in land. Webel v. Yale University, supra. She can not recover for public nuisance because she was not injured in the exercise of a public right. Higgins v. Connecticut Light Power Company, 129 Conn. 606, Cimino v. Yale University, 638 F. Sup. 952 (1986).
The Motion to Strike Counts One and Three of the Complaint which sound in nuisance is granted.
Count Four alleges a loss of consortium by the plaintiff's husband. Although loss of consortium is a separate cause of action, it is an "action [which] is derivative of the injured spouse's cause of action." Loss of consortium although a separate cause of action is not truly independent, but rather derivative and inextricably attached to the claim of the injured spouse. Izzo v. Colonial Penn Insurance Co. 203 Conn. 305, 312, (1987) citing Hopson v. Saint Mary's Hospital, 176 Conn. 485
(1979).
The Motion to Strike Count Four of the Complaint as to these defendants is also granted.
BALLEN, JUDGE