[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Rite Aid of Connecticut, Inc., has moved pursuant to Connecticut Practice Book 152, to strike the Second Count of the plaintiff's revised complaint dated August 21, 1992. Defendant claims that said count fails to state a claim of either private or public nuisance and was previously dismissed by this court.
A motion to strike properly challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). The plaintiff must allege some recognizable cause of action in his complaint. Robert S. Weiss and Associates v. Wiederlight, 208 Conn. 525, 535, n. 5 (1988). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988), and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273,278, (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367,370 (1986).
The instant complaint alleges a cause of action sounding in nuisance. Four elements must be present in order to establish a nuisance: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or CT Page 9248 property; (2) the danger created was a continuing one; (3) use of the land was unreasonable or unlawful; and (4) the nuisance was the proximate cause of the plaintiff's injuries and damages. State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183 (1987). Additionally, a claim of public nuisance must sufficiently allege facts that demonstrate that the condition or conduct complained of interfered with a right common to the general public. Id. at 183.
There are two types of nuisance: public and private. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. `In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure.' Pollock, Torts (13th Ed.) 442; Salmond, Torts (8th Ed.) 235; Harper, Torts, 179." Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215
(1939). In contrast, "`[n]uisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to public rights, `that is, the rights enjoyed by citizens as part of the public.' 39 Am.Jur. 286 . . . . "[I]f the annoyance is one that is common to the public generally, then it is a public nuisance . . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.' Nolan v. New Britain, 69 Conn. 668, 678 38 A. 703 (1897); Hassett v. Palmer, 126 Conn. 468, 476, 12 A.2d 646 (1940); Croughwell v. Chase Brass Copper Co., 128 Conn. 110, 11220 A.2d 619 (1941)." Higgins v. Connecticut Light Power Co.,129 Conn. 606, 611-12, 30 A.2d 388 (1943). Couture v. Board of Education, 6 Conn. App. 309, 314-15 (1985).
The only apparent difference between the count which has previously been struck and the new Second Count is the addition of paragraph 6 which states "At the time of the herein before described fall, the plaintiff was in the exercise of a public right on public property." However, Plaintiff has failed to allege facts and is unable to demonstrate that she was in the premises as a matter of public right or that the condition complained of interferred with a right common to the general public or that the retail store known as Passport Foods Outlet was public property. CT Page 9249
A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts. Mora v. The Aetna Life and Casualty Insurance Company, 13, Conn. App. 208, 211.
This result is fortified by paragraphs one, two and three of plaintiffs revised complaint which allege that the defendant Bruce Minoff owned controlled and or maintained said premises, that Rite Aid of Connecticut Inc. and Universal Foods Corporation were the lesser and lessee respectively of said premises and that Passport Foods Outlet Inc. and Liberty Import Inc. operated a retail store at said premises.
 One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance.
Webel v. Yale University, 125 Conn. 515, 524-25 (1939); Cimino v. Yale University, 638 F. Sup. 952, 954 (D. Conn. 1986).
 "As a patron, the plaintiff was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the store, and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the defendant's establishment was not a public place where the public had a right to be. The plaintiff was not in the exercise of any public right while on the defendant's premises, and he cannot base his right to recover upon the existence of a public nuisance.
CT Page 9250
 It does not appear in the complaint whether the defendant was the owner of the premises in question or a tenant thereof, but in either case the same principles of law must be applied. See Webel v. Yale University, supra, 524, where the operator of a beauty shop was a tenant." Dahlstrom v. Roosevelt Mill, Inc., 27 Conn. Sup. 355
(1967).
See also Lindsay v. Supermarkets General Corporation, 1 CTLR 463 (1990); Schmidt v. Stephen World of Wheels, Inc., 2 CTLR 104 (1990).
The plaintiff is precluded from recovering for private nuisance because she suffered no injury in relation to her ownership of an interest in land. Webel v. Yale University, supra. She cannot recover for public nuisance because she was not injured in the exercise of a public right. Higgins v. Connecticut Light Power Company, 129 Conn. 606, Cimino v. Yale University, 638 F. Sup. 952 (1986).
The Motion to Strike the Second Count of the Revised Complaint which sounds in nuisance is granted.
BALLEN, JUDGE