[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 4, 1995, the plaintiff, Laura Marabella, filed a six count amended complaint in negligence and public nuisance against the defendants, Dr. Stuart A. Kay and the Town of New Canaan. The facts as alleged in the complaint are as follows. On October 27, 1993, the plaintiff was at 38 Main Street in New Canaan for the purposes of a medical examination. While leaving the property, the plaintiff fell while walking upon the "driveway apron," described as that portion of the driveway between the sidewalk and the street, and sustained personal injuries.
On April 13, 1995, Kay filed a motion (#113) to strike counts three and five of the plaintiff's amended complaint alleging absolute and negligent public nuisance on the ground that the plaintiff has failed to allege a factual basis supporting a cause of action in nuisance.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215. Kay contends that the plaintiff fell while an invitee upon private property, and therefore, her allegations do not implicate any public interest. The plaintiff argues that the "driveway apron" is on public property, and she was exercising a public right in walking on the driveway apron.
"To succeed in a nuisance action, a plaintiff must establish four elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the defendant's land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the CT Page 6018 plaintiff's injuries and damages. . . . Claims of nuisance fall into two discrete categories: (1) absolute nuisance and (2) negligent nuisance. The principal distinction between the two is that an absolute nuisance has the added requirement that the conduct be intentional. . . . `Intentional' in this context means not that a wrong or the existence of a nuisance was intended, but that the creator of [it] intended to bring about the conditions which are in fact found to be a nuisance." (Citations omitted; footnote omitted; internal quotation marks omitted.) Green v.Ensign-Bickford Co., 25 Conn. App. 479, 490, 595 A.2d 1383 (1991). "[N]uisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as a part of the public. . . . If the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." (Citation omitted; internal quotation marks omitted.) Couture v. Board of Education, 6 Conn. App. 309,314, 505 A.2d 432 (1986).
Although Kay argues that the plaintiff was an invitee and cannot recover under a theory of public nuisance, the plaintiff has alleged that she fell on public property over which Kay maintained control, and upon which he had created a nuisance in the form of a driveway covered with loose stones and debris. "As to [a] claim of public nuisance, . . . that a private individual may create a nuisance in a public place cannot be questioned." Higgins v.Connecticut Light Power Co., 129 Conn. 606, 611, 30 A.2d 388
(1943). Furthermore, "[w]hile the defendant in a nuisance action frequently is the owner of the property alleged to be the source of the nuisance . . . property ownership is not a prerequisite to nuisance liability." (Citation omitted.) State v.Tippets-Abbett-McCarthy-Stratton, 204 Conn. 177, 183-84, 527 A.2d 688
(1987). Rather, a functional test is generally applied to determine "whether the defendant exercises control over the property that is the source of nuisance." Id., 184.
The plaintiff has sufficiently alleged that Kay has created a continuing nuisance upon public property, over which he maintained control, and that the existence of the nuisance was the proximate cause of the plaintiff's injuries. Because the plaintiff alleges that the nuisance was on public property, the fact that the plaintiff was an invitee upon Kay's property is not significant. CT Page 6019 Accordingly, Kay's motion to strike the third and fifth counts of the plaintiff's complaint is denied.
So Ordered.
Dated at Stamford, Connecticut this 20th day of June, 1995.
WILLIAM BURKE LEWIS, JUDGE