[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendant, Toys "R" Us, Inc., has moved to strike the second count of the plaintiff's complaint. For the reasons set forth below, the motion to strike is granted.
The plaintiff's August 26, 1996 complaint alleges two counts. The first count asserts that the plaintiff while a business invitee slipped and fell on water on the floor of the defendant's business premises. The first count further claims that the plaintiff's fall was due to the defendant's negligence. The second count alleges that the unsafe condition of the defendant's premises was a nuisance. The defendant, through its motion to strike, claims that the nuisance claim, as pleaded, is legally deficient.
There are two types of nuisance: public and private. A private nuisance exists only where one is injured in relation to a right which is enjoyed by reason of ownership of an interest in land. Couture v. Board of Education, 6 Conn. App. 309, 314
(1986). In modern authorities, private nuisance includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure. Id. Nuisances are public where they violate public rights and produce a common injury and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public. Id.
The plaintiff does not allege that she was injured in relation to her ownership of an interest in land. She therefore has not adequately alleged a claim of private nuisance. Webel v.Yale University, 125 Conn. 515, 524-25 (1939). Moreover, one who enters premises at the express or implied invitation of a tenant, as is alleged here, does not come upon them in the exercise of any public right, but is there by reason of a right extended to CT Page 7238 him by the tenant, and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance. Id.; see also, Higgins v. Connecticut Light PowerCo., 129 Conn. 606, 611 (1943). Accordingly, the second count is legally deficient as to a claim of public nuisance as well.
Conclusion
For the reasons set forth above the defendant's motion to strike the second count of the plaintiff's August 26, 1996 complaint is granted.
Dated at New Haven, Connecticut this 10th day of December, 1996.
Robert J. Devlin, Jr., Judge