[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 101)
This motion to strike raises the fundamental issue of the distinction between nuisance and negligence. The plaintiff has filed a one-count complaint asserting a claim of nuisance. CT Page 7247 Because it is apparent that the liability in this case, if any, consists of negligence, the defendant's motion to strike the complaint must be granted.
The complaint in question is quite brief. The plaintiff, Thomas Norton, alleges that on June 5, 1994, the defendant, Land Management, Inc., owned, possessed, and controlled a parking lot in Middlefield. The plaintiff further alleges that he was lawfully upon the parking lot in question and that as he was attempting to step up from the parking lot into the rear of his truck, he was caused to slip and fall on loose stones and gravel in the parking lot," causing him to sustain certain injuries. He then alleges that. "[t]he condition described above was a nuisance in that it had a natural tendency to create danger and inflict injury upon persons or property; the danger created was a continuing one; and the use of land by the defendant was unreasonable."
The defendant filed a timely motion to strike, contending that the complaint fails to state facts that would set forth a valid claim for either private or public nuisance and' is therefore legally insufficient. For the reasons stated briefly below, the defendant's motion must be granted.
The seminal case in this area is Webel v. Yale University,125 Conn. 515, 7 A.2d 215 (1939). Webel involved an issue of landlord liability for defective premises. Mamie Webel fell on a defective floor in a building owned by Yale University and leased to a beauty shop. Her complaint alleged that the condition in question was a nuisance. A demurrer to her complaint was sustained on the ground that the exclusive control of the premises was in the tenants. On appeal, the Supreme Court ruled this ground to be insufficient. The Court observed, however, that "[had] the demurrer been upon the ground that the only possible liability of the defendant was in negligence and not in; nuisance it might have been sound." Id. at 526. The Court explained that:
 One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance. A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. . . .
CT Page 7248
 The liability in this case, if one exists, belongs in the field of negligence.
Id. at 524-25
The force of Webel's analysis has not abated with time. "There are two types of nuisance: public and private." Couture v.Board of Education, 6 Conn. App. 309, 314, 505 A.2d 432 (1986). As Prosser explains, "[t]he two have almost nothing in common, except that each causes inconvenience to someone, and it would have been fortunate if they had been called from the beginning by different names." Prosser Keeton on the Law of Torts 618 (5th ed. 1984). (Footnote omitted.) The complaint in question must be examined with this distinction in mind.
It is entirely clear, to begin with, that the plaintiff has failed to allege any cause of action based on private nuisance. "A private nuisance is a civil wrong, based on a disturbance of rights in land." Prosser Keeton on the Law of Torts, supra,
at 618. No recovery can be had for a private nuisance here because the plaintiff alleges no ownership of land subject to a nuisance.See Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611,30 A.2d 388 (1943).
The plaintiff has also failed to allege a cause of action based on public nuisance. it is well established that, to allege a public nuisance, the plaintiff must sue as a member of the general public. Higgins v. Connecticut Light Power Co., supra,129 Conn. at 611. The essence of a public nuisance, as Prosser explains, is "an interference with the rights of the community at large, which may include anything from the obstruction of a highway to a public gaming-house or indecent exposure." Prosser Keeton on the Law of Torts, supra, at 618. The plaintiff in a a public nuisance case must consequently establish that "the condition or conduct complained of interfered with a right common to the general public." State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183, 527 A.2d 688 (1987). The complaint in question here cannot be construed as alleging this element of a public nuisance cause of action.
The plaintiff has consequently failed to allege a cause of action grounded on either public or private nuisance. "The liability in this case, if one exists, belongs in the field of negligence." Webel v. Yale University, supra, 125 Conn. at 525. CT Page 7249
The motion to strike is granted.
Jon C. Blue Judge of the Superior Court