[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, having alleged cause of action in negligence against the defendants by the first two counts of the complaint then pleads, in the third count, a claim of "negligent nuisance". The defendants move to strike the third count on the basis that the plaintiff has not alleged facts upon which to support a claim for nuisance.
To set forth a cause of action in nuisance the complaint must allege either the violation of a private right or the violation of a public right. "A private nuisance exists only in relation to a right which he enjoys by reason of his ownership of an interest in land . . . an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." Couture v. Board of Education,6 Conn. App. 309, 314 (1986). Hence a tenant in possession, the holder of an easement, or some lesser tenure may give rise to claims of interference with that right. The mere status of business invitee, licensee, or other permitted user is not such status as CT Page 13397 would give rise to a claim for damages caused by nuisance. Hence a mere allegation that the plaintiff was lawfully on the premises, even if proven, would not give rise to a cause of action for private nuisance.
As concerns a public nuisance there must be a violation of a public right. "Nuisances are public where they violated public rights . . . ." Higgins v. Connecticut Light Power Co.,129 Conn. 606, 611 (1943). "One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of a public right, but is there by reason of a right extended to him by the tenant; and if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Webel v. Yale University, 125 Conn. 515, 524
(1939).
More recently the Supreme Court has emphasized that private facilities, such as even a large shopping center where the public is invited to shop, are not a public faculty giving rise to a legal right in the public to use such facility. "Nor does property lose its private character merely because the public is generally invited to use it for designated purposes." Calozone v.Westfarms Associates, 192 Conn. 48, 66 (1984).
The existence of and a violation of a public right or a private right is an essential allegation of a cause of action in nuisance. The complaint fails to specifically allege a tenure in the property giving rise to a protected right to be on the premises. The complaint must be construed in a fashion most favorable to the plaintiff. However the court cannot construe the allegations of the complaint, which alleges the location of the incident as being the auditorium of a parochial school, as forming the basis for either a public or a private nuisance.
The plaintiff takes the position in the brief that because General Statutes § 11 (e), "Words and Phrases" states that "the term `public buildings' shall include . . . any church, chapel, meetinghouse or other building generally used for religious worship, and any college, academy, schoolhouse or other building generally used for literary instruction," therefore conditions existing on such premises may constitute a public nuisance. This argument fails for several reasons. First, the statute is prefaced by the term "(a) In the construction of the statutes . . ." The chapter itself is designated "Chapter 1, Construction of Statutes." The concept of nuisance, public and CT Page 13398 private, is in the realm and purview of the common law. The cause of action sought to be asserted herein is not a statutory cause of action, nor does it involve the interpretation of statutes. Further, it cannot be persuasively argued that private facilities, such as parochial schools or religious congregations, have no legal right to determine who may utilize their facilities. Nor do members of the public have a right to demand access to or utilization of such facilities.
The singular statutory exception to the right of private facilities to be, and remain, free of the common law concept of nuisance as concerns injuries to invitees or guests, as herein discussed, appears to be set forth in General Statutes §19a-312, which specifically declares that "any cemetery or mausoleum maintained or constructed contrary to the provisions of this chapter shall be deemed a public nuisance . . ." No such statute exists as concerns private schools or parochial facilities.
The complaint fails to set forth facts from which it may be inferred or concluded that the plaintiff was in the exercise of either a public right or a private right to utilize such premises. Consequently the third count does not set forth allegations of facts sufficient to allege a cause of action in private nuisance or in public nuisance.
The motion to strike the third count of the complaint is granted.
L. Paul Sullivan, J.