[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 5, 1999, the court heard this trial wherein the plaintiff, Richard Bennice, complains that the defendants, Donald and Jackolyn Griffiths, created a nuisance. In the prayer for relief, the plaintiff seeks monetary damages, punitive damages, and an injunction.
The court finds the following facts. The plaintiff resides in a house he owns which is located on a three-acre parcel situated on the west side of Pike Lane in Killingly. Pike Lane is a 1500 foot long, dirt road. The defendants own a one-half acre lot on the west side of Pike Lane abutting the plaintiff's land on the north. They also own a ten-acre farm on the east side of that road, just across from the half-acre lot and the plaintiff's property. The defendants' residence, a chicken coop, a small garage, and another coop, which has been converted into a truck barn, sit on this farm.
The plaintiff has lived in his house since 1969. The defendants have lived on their farm since 1977.
Donald Griffiths' sole income is from fees he earns hauling cargo and equipment by truck throughout New England and the Northeast. He does business under the name Bushman's Express, and CT Page 1037 he owns and utilizes one tractor trailer and three trailers in this business. When not on the road, he keeps the tractor and trailers on the two pieces the defendants own on Pike Lane. Jackolyn Griffiths prepares the paperwork affiliated with Bushman's Express. Donald occasionally performs maintenance and minor repairs in the truck barn on the tractor and trailers.
The defendants' properties are at the northern end of Pike Lane. Besides the plaintiff and the defendants, two other residences abut Pike Lane, and both are on the eastern side of that road. Rhonda Roy resides to the south of the defendants' farm, and Mayda Roberts lives just south of Roy.
Donald frequently parks the tractor and one or more trailers on the half-acre lot which neighbors the plaintiff's property. The plaintiff can see and hear the tractor, if in operation, when it is on the half-acre lot and as it passes his house on Pike Lane. His sleep is occasionally disturbed by the noise and vibration generated by operation of the tractor. The truck fumes also cause the plaintiff to keep his windows closed. The operation of the tractor causes no annoyance or disturbance to Roy or Roberts the other residents of Pike Lane.
In his amended complaint, the plaintiff alleges that the defendants' use of their property as described above constitutes a nuisance and a violation of the Killingly zoning regulations. The amended complaint fails to specify whether a public or private nuisance results from the defendants' purported conduct. A public nuisance must violate a public right, produce a common injury, and annoy the public generally. Higgins v. ConnecticutLight and Power Co., 129 Conn. 606, 611 (1943). It is one that injures citizens generally who may be so circumstanced as to come within its influence. Id. The plaintiff makes no claim and produced no proof that the defendants' activities unduly burden or disturb the general public. Therefore, any nuisance created must be a private one.
A private nuisance exists when one is injured by reason of ownership or possession of land. Butzgy v. Glastonbury,203 Conn. 109, 121 (1987). To establish a private nuisance, four elements must be proven by the plaintiff by a preponderance of the evidence: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created must be a continuing one; (3) the use of the land must be unreasonable or unlawful; and, (4) the existence of CT Page 1038 the nuisance proximately caused the plaintiff's injuries. Filiskov. Bridgeport Hydraulic Co., 176 Conn. 33, 35 (1978).
Additionally, in this case, the plaintiff particularly alleges, in paragraph 5a of the amended complaint, that "[a]t all times . . . the defendants' actions . . . were committed by them in an intentional, wilful, malicious, wanton and outrageous manner." By specifically pleading that the defendants had malicious intent, etc., the plaintiff voluntarily assumed the added burden of proving such intent in order to prevail. Knapp v.Tidewater Coal Co., 85 Conn. 147, 157 (1912); Barney v. Klema, 2 Cir. Ct. 538, 539 (1864); E. Stephenson, Connecticut Civil Procedure (3rd Ed. 1997) § 45c.
The acts which the plaintiff asserts were intentionally, maliciously, and outrageously committed by the defendants are contained in paragraph 5 of the amended complaint. These acts are the making of "such a noise . . . as to disturb the sleep, peace, quiet and comfort of the plaintiff;" the emission of fumes polluting the air; the blocking of Pike Lane; and the damaging of the roadbed of Pike Lane.
The court finds that the plaintiff has failed to prove that the defendants intentionally, maliciously, wantonly and outrageously engaged in these activities. The court credits the testimony of Donald Griffiths, Roy, and Roberts that Donald operates his tractor on Pike Lane in a quiet, reasonable, and courteous manner. He consciously drives slowly while on Pike Lane so as to minimize sound and vibration. At his own expense, Donald removes snow from and regrades Pike Lane when necessary. His vehicles meet all state and federal air quality emission standards.
On August 25, 1997, the Killingly zoning enforcement officer, George Brown, notified the defendants that the Bushman's Express activities on their Pike Lane properties complies with the Rural Development Zone regulations which govern their land. The plaintiff contends that the zoning enforcement officer's interpretation is erroneous. By specially alleging malicious intent, however, the plaintiff has rendered insignificant the correctness of the zoning enforcement officer's opinion. What is significant is that the defendant are engaged in their business with the express approval of the zoning official, correct or not. This fact undermines severely the plaintiff's contention that the defendants are intentionally, maliciously, wantonly, and CT Page 1039 outrageously disturbing the plaintiff's enjoyment of his property by violating the zoning regulations.
The court concludes that the plaintiff has failed to meet his burden of proving that the defendants have intentionally, maliciously, wantonly, or outrageously conducted their activities so as to injure the plaintiff. Consequently, judgment enters for the defendants.
Sferrazza, J.