[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On or about February 5, 1999, the plaintiff, Ronnie Fields, sued the Housing Authority of Stamford, claiming that on February 6, 1998, at about 7:00 a.m., he slipped and fell on ice which had accumulated on a sidewalk located on the defendant's property. He further alleged that this sidewalk was "owned, controlled, possessed, managed and maintained" by the Housing Authority. This court granted a motion for summary judgment because the plaintiff did not send written notice to that defendant as required by General Statutes § 8-67. The plaintiff appealed the granting of this motion to the Appellate Court and the appeal is pending.
In this present case, on or about December 21, 1999, the plaintiff sued the named defendant, Herbert S. Schwartz, and eight other individuals for the same fall at the same time and place. The plaintiff alleges in this CT Page 7564 case that the named defendant and the eight other individual defendants "owned, controlled, possessed, managed and/or maintained" the property or place where the fall occurred.
The defendants have moved (#103) to strike the complaint on a number of grounds including res judicata. In their supporting memorandum, the defendants claim that this present suit is a "transparent attempt to circumvent the prior ruling of this court." The defendants claim that they are "employees or board members" of the Housing Authority.
The court is limited "to a consideration of the facts alleged in the complaint. A "speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle. 38 Conn. App. 360,364, 660 A.2d 871 (1995), rev'd on other ground, 236 Conn. 845,675 A.2d 835 (1996). This assertion of claim preclusion cannot be determined in a motion to strike as it involves facts not apparent on the face of the complaint. The identity and status of these new individual defendants can only be resolved by either a motion for summary judgment or a trial. Thus, the motion to strike on this ground is denied.
This ruling also applies to the second ground for the motion to strike, governmental immunity, because the identity of the eight individual defendants was not included in the complaint.
Another ground for the motion to strike is the claim by the defendants that the plaintiff included an allegation of recklessness which is merely a recitation of the same facts alleged in the assertion of negligence. However, as the plaintiff points out, the two claims are not the same because the second count of the amended complaint adds an allegation that the defendants are "guilty of a pattern, practice and history of failing to remove snow and ice from the premises' walkways in a timely and adequate manner" and also adds that the defendants have a "pattern, practice and history of failing to respond to complaints of said untimely and inadequate manner." Thus, the allegation of negligence are not repeated in this count but rather the plaintiff has alleged facts which, for the purpose of this motion to strike, must be taken as true. The motion to strike on this ground is denied.
In the third and fourth counts of the amended complaint, the plaintiff alleges that the maintenance of the sidewalk in a dangerous condition by the individual defendants was a "nuisance or in the nature of a nuisance, " which the defendants created and permitted. In the third count, reference is made to use of the "premises, " whereas in the fourth count, reference is to a "public sidewalk." The motion to strike these two counts is granted because they do not assert a valid cause of action in nuisance, either public or private. CT Page 7565
In order to assert a claim for a public nuisance, a claimant must show, among other things, that the conduct claimed to constitute a nuisance interferes with a right common to the general public, and has "a natural tendency to create danger and inflict injury upon person or property." Doe v. Manheimer, 212 Conn. 748, 756 n. 4, 563 A.2d 699
(1989); Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611,30 A.2d 388 (1943). It is not claimed that the defendants' conduct injured the plaintiff in the exercise of a right enjoyed by the public in general.
To assert a claim of private nuisance, one must allege (1) that the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; and (3) the use of the land was unreasonable or unlawful. Elliott v. Waterbury, 245 Conn. 385, 420, 715 A.2d 27 (1998); Keenev v. Old Savbrook 237 Conn. 135, 162-63, 676 A.2d 795 (1996). A cause of action for private nuisance requires proof of injury to "a right which [the claimant] enjoys by reason of ownership of an interest in land." Elliott v. Waterbury, supra, 245 Conn. 421. No such allegation was asserted.
The allegations of the third and fourth counts do not assert the prerequisites for a valid cause of action in nuisance, public or private, and are therefore ordered stricken.
So Ordered.
Dated at Stamford, Connecticut, this day of June, 20th 2000.
William B. Lewis, Judge