[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In this personal injury case the plaintiff John Shay alleges that the defendant Pondside Condominium Association, Inc., allowed sinkholes to exist on a lawn area over which members of the public, or at least invitees at the condominium complex, walked. In addition to a First Count sounding in negligence, the plaintiff has alleged in the Second Count that the defendant maintained a public nuisance on its property.
The defendant has moved to strike this count, arguing that such a cause of action has not been properly pleaded.
The elements of a cause of action for public nuisance are
 (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property;
(2) the danger created is a continuing one;
(3) the use of the land is unreasonable or unlawful; and
 (4) the condition or conduct complained of interferes with a right common to the general public.
See Keeney v. Town of Old Saybrook, 237 Conn. 135, 162-63, 676 A.2d 795
(1996).
The plaintiff has pleaded that the grassy area contained sinkholes that were dangerous, Complaint ¶ 3; that the condition had existed "for a long time prior to August 29, 1999," the date of the plaintiff's injury, ¶ 3; that the defendant knew of the sinkhole problem but failed to correct it, ¶ 6f; that the plaintiff "was a member of the Pondside Condominium Association, Inc., and was entitled to use the grassy areas," ¶ 4. CT Page 13764
These allegations are sufficient to clearly plead the first two elements of a public nuisance: dangerousness and continuousness. As to the third element, that the defendant put its land to an unreasonable or unlawful use, the allegation that the defendant knew that a dangerous condition existed but allowed the land to be put to use for a lawn area is sufficient to permit an inference of unreasonable use. As to the last element, it remains to be seen whether the plaintiff can prove that the group of which the plaintiff was a member was sufficiently large and amorphous to be analogous to "the general public." Keeney v. Town of OldSaybrook, supra; see also Higgins v. Connecticut Light Power Co.,129 Conn. 606, 611, 30 A.2d 388 (1943), referring to "the rights enjoyed by citizens as part of the public." 39 Am.Jur. 286. The court must, however, construe the facts in the complaint in the light most favorable to the plaintiff. Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). In so doing, the court finds that the plaintiff has pleaded the elements of a nuisance claim in Count Two.
The defendant concedes that if the Second Count withstands the motion to strike, so must the Sixth Count, alleging loss of consortium on the part of the plaintiff spouse Deborah Shay.
The Motion to Strike the Second and Sixth Count is denied.
Patty Jenkins Pittman, Judge.