[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #121
On or about August 7, 1999, the plaintiff, Bryan Kelsey, was physically attacked by a group of concert goers while on the premises of a parking facility used by The Meadows Music Theater. The plaintiff filed a fifteen count revised complaint on April 17, 2001. Count ten of the complaint alleges that the plaintiff's injuries are due to the reckless and wanton misconduct of the defendant, Concert Services, Inc.[1] Count fifteen alleges that the failure of Concert Services, Inc., to provide adequate security constituted a nuisance. On June 14, 2001, the defendant filed a motion to strike counts ten and fifteen on the grounds that both counts are insufficient as a matter of law. The defendant also filed a memorandum of law in support of its motion to strike. On July 17, 2001, the plaintiff filed a memorandum of law in support of its objection to the defendant's motion to strike, as required by Practice Book §10-42.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "The trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 283, 449 A.2d 986
(1982).
The defendant moves to strike count ten of the plaintiff's complaint on the ground that it is legally insufficient to state a claim for recklessness because it "does not contain anything other than allegations sounding in negligence." The defendant argues in his memorandum of law in support of his motion to strike that "[t]he entire tenth count which purports to set forth a claim for recklessness, simply states verbatim those same allegations which are alleged to constitute negligence in the fifth count of the complaint with nothing more."
The plaintiff argues in opposition to the defendant's motion to strike that his claim of recklessness in count ten should not be stricken simply because he pleads both negligence and recklessness based upon the same allegations of fact. "In order to establish that the defendants' conduct CT Page 1029 was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of `a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . .'" Elliott v.Waterbury, 245 Conn. 385, 415, 715 A.2d 27 (1998). "Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and, simply referring to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged."Jones v. Albee, Superior Court, judicial district of New Haven at New Haven, Docket No. 349998 (November 3, 1993, Hartmere, J.). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. LafayetteBank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985).
In a previous case before this court, the factual allegations of a count sounding in negligence were incorporated into and served as the basis for counts sounding in recklessness; in ruling on a motion to strike the recklessness counts, these allegations were found to be insufficient to state a cause of action in recklessness. "In fact, the plaintiffs failed to allege any additional facts other than those originally alleged in the negligence count. Instead, the plaintiffs merely injected the words `reckless,' `wanton,' `wilful,' and `malicious' into the second and fifth counts in an attempt to state a separate cause of action. Therefore, the motions to strike the second and fifth counts is granted." Santagata v. Woodbridge, Superior Court, judicial district of New Haven at New Haven, Docket No. 384914 (December 26, 1997,Zoarski, J.). Because the plaintiff in the present case similarly alleges a separate claim of recklessness by simply inserting the words "wanton" and "reckless" into the same facts alleged in the negligence count in an attempt to claim a separate cause of action, the defendant's motion to strike count ten of the plaintiff's complaint is granted.
The defendant also moves to strike count fifteen of the revised complaint on the ground that this count "which purports to sound in nuisance must fail because the plaintiff does not allege facts supporting a claim in either a private or public nuisance." The plaintiff argues in opposition to the defendant's motion to strike count fifteen that he "has alleged facts supporting absolute nuisance in either public or private nuisance," and that he "specifically and impliedly alleges in his complaint that the Defendant created an absolute nuisance." The plaintiff CT Page 1030 further argues that "the conditions of the parking lot, the lack of security and the chaos occurring on the premises were conditions intentionally created by the Defendant. . . ."
"Connecticut case law recognizes a variety of types of nuisance. Nuisances may be characterized as public or private, and may be absolute (intentional) or merely the result of negligence. `"Nuisances are public where they violate public rights, and produce a common injury," and where they constitute an obstruction to public rights, "that is, the rights enjoyed by citizens as part of the public."' Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611, 30 A.2d 388 (1943); Couture v. Board ofEducation, 6 Conn. App. 309, 314, 505 A.2d 432 (1986). A private nuisance, on the other hand, `. . . exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land.' Webel v. Yale University, 125 Conn. 515, 524, 7 A.2d 557
(1939)." Stewart v. Federated Dept. Stores, Inc., Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 103721 (May 17, 1991, Lewis, J.) (6 C.S.C.R. 561).
"[T]o prevail on a claim of nuisance, a plaintiff must prove that: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages." (Internal quotation marks omitted.)State v. Tibbets-Abbett-McCarthy-Stratton, 204 Conn. 177, 183, 527 A. (1987).
"[W]here absolute public nuisance is alleged, the plaintiff's burden includes two other elements of proof: (1) that the condition or conduct complained of interfered with a right common to the general public;Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611, 30 A.2d 388
(1943); Nolan v. New Britain, 69 Conn. 668, 678, 38 A. 703 (1897); 4 Restatement (Second), Torts § 821B; and (2) that the alleged nuisance was absolute, that is, that the defendants' intentional conduct, rather than their negligence, caused the condition deemed to be a nuisance.Kostyal v. Cass, [163 Conn. 92, 98, 302 A.2d 121 (1972)]; Beckwith v.Stratford, 129 Conn. 506, 511, 29 A.2d 775 (1942); Dingwell v.Litchfield, 4 Conn. App. 621, 624, 496 A.2d 213 (1985); 1 F. Harper F. James, Torts (1956) p. 82 n. 2." State v. Tippits-Abbett-McCarthy-Stratton,
supra, 204 Conn. 183.
Count fifteen of the plaintiff's complaint incorporates paragraphs one through four of count five, which allege, inter alia, that the defendant was engaged in providing security services at The Meadow Music Theater, that the premises, parking lots and control of the crowd on said premises CT Page 1031 were owned, leased, controlled, possessed managed and/or maintained by the defendant and that on August 7, 1999, the plaintiff was a business invitee on the premises, who while walking past a large crowd of people who were also on the premises, was assaulted by a group of concert goers. Paragraph five of count fifteen alleges that "[s]aid unsafe and dangerous condition of said premises and the failure to provide adequate security was a nuisance, or in the nature of a nuisance."
In ruling on the defendant's motion to strike count fifteen, this court is limited to the facts alleged in that count; see Cavallo v. DerbySavings Bank, supra. The plaintiff has not alleged a claim sounding in private nuisance, for there is no allegation that the plaintiff was injured in relation to a right which he enjoys by reason of his ownership in land. See Stewart v. Federated Department Stores, supra,6 C.S.C.R. 562.
The plaintiff's allegations that he was assaulted while on premises owned, leased, controlled, possessed managed or maintained by the defendant and his conclusory statements regarding the unsafe and dangerous condition of the premises and inadequate security are not sufficient to state that which must be proven to prevail on a claim of either public or absolute public nuisance as specified in State v.Tibbets-Abbet-McCarthy-Stratton, supr, 204 Conn. 183. Accordingly, the defendant's motion to strike count fifteen of the plaintiff's amended complaint is also granted.
Howard F. Zoarski, Judge Trial Referee