Robert Dahlstrom et al. *v.* Roosevelt Mills, Inc., et al.

Superior Court      Hartford County      File No. 152649

Memorandum filed November 21, 1967

*LaBelle, Rothenberg & Woodhouse,* of Manchester, for the plaintiffs.

*Day, Berry & Howard,* of Hartford, for the named defendant.

*Cooney & Scully,* of Hartford, for the defendants Coca-Cola Bottling Company of Hartford and Universal Match Corporation.

Palmer, J. This is an action, in the second count, to recover damages for personal injuries alleged to have been caused by a nuisance. The defendants demur on the grounds that it is not alleged that the named plaintiff was on the property where the injury is alleged to have occurred in the exercise of any public right, and that it does not appear that the plaintiff was injured in relation to any right which he enjoyed by reason of his ownership of an interest in said property.

The second count alleges that the named defendant, hereinafter called the defendant, operated "a mercantile establishment catering to the general public" in the town of Vernon; that the minor plaintiff, two years of age, hereinafter called the plaintiff, "was in the company of his parents, patrons of the establishment" of the defendant, and that the condition of a soft drink vending machine located therein, which was maintained, controlled, possessed and serviced by the defendants, constituted a nuisance which caused injuries to the plaintiff.

There are two classifications of nuisance: private nuisance and public nuisance. Wright, Conn. Law of Torts § 130. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." *Webel* v. *Yale University,* 125 Conn. 515, 525. An action for a private nuisance "has traditionally been restricted to invasions of interests in the use and enjoyment of land, and . . . the action is not available for the protection of those interests to a person who has no property rights or privileges in land." Restatement, 4 Torts, p. 217.

At best, the status of the plaintiff was that of his parents, who were patrons of the defendant's establishment. It seems perfectly obvious that a patron or customer in a mercantile establishment or store has no property interest or privileges in the premises where the establishment or store is located. Accordingly, the plaintiff may not maintain an action for a private nuisance.

In their brief, the plaintiffs point out that the defendant catered to the general public, and they claim that the plaintiff was upon the defendant's premises as a member of the general public. It is contended "that by invitation to the general public, the nuisance alleged becomes public in nature."

" 'Nuisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to public rights, 'that is, the rights enjoyed by citizens as part of the public.' 39 Am. Jur. 286." *Higgins* v. *Connecticut Light & Power Co.,* 129 Conn. 606, 611. "A nuisance is 'common' or 'public,' the terms being synonymous, where it affects the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled." 66 C.J.S. 730, Nuisances, § 2.

As a patron, the plaintiff was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the store, and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the defendant's establishment was not a public place where the public had a right to be. The plaintiff was not in the exercise of any public right while on the defendant's premises, and he cannot base his right to recover upon the existence of a public nuisance. It does not appear in the complaint whether the defendant was the owner of the premises in question or a tenant thereof, but in either case the same principles of law must be applied. See *Webel* v. *Yale University,* supra, 524, where the operator of a beauty shop was a tenant.

The defendants' demurrers to the second count are sustained.