[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Beatrice Schmidt was injured on October 20, 1988 when she slipped and fell in the parking lot of Stephen World of Wheels at 1097 Farmington Avenue, Bristol, CT. The complaint is in four counts. The first and second counts sound in negligence and third and fourth counts involve a claim of public nuisance.
Four elements must be present in order to establish a nuisance: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) use of the land was unreasonable and unlawful; and (4) the nuisance was the proximate cause of the plaintiff's injuries and damages. State v. Tippetts-Abbett-McCarthy-Stratton 204 Conn. 177, 183
(1987). Additionally, a claim of public nuisance must sufficiently allege facts that demonstrate that the condition or right complained of interfered with a right common to the general public. Id. at 183.
The defendant has moved to strike the third and fourth counts of the plaintiff's complaint on the grounds that the plaintiff has failed to allege that the use of the land was unreasonable or unlawful, that the danger created was a continuing one, and that the plaintiff was exercising a public right when injured by the nuisance. In counts three and four the plaintiff has alleged that the condition which caused the injury had "a natural tendency to create danger and inflict injury upon persons" and that such a condition was allowed to exist even though the defendant had a duty of maintenance over the parking lot. Thus, the plaintiff has alleged an unreasonable use of land. Further, the plaintiff has also alleged in counts three and four that the defendant "allowed (the condition) to. . .continue to exist." As such, the plaintiff has alleged that the danger created was a continuing one.
Nevertheless, the third and fourth counts of the complaint must be stricken because the plaintiff fails to allege facts CT Page 970 sufficient to demonstrate that she was exercising a public right when injured by the nuisance. The plaintiff argues that this information has been sufficiently alleged since the complaint does state that the "general public was invited" into the defendant's parking lot. However, the Connecticut Supreme Court has held that:
 When it comes to private property, One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance.
Cimino v. Yale University, 638 F. Supp. 952, 954 (D.Conn. 1986) quoting Webel v. Yale University, 125 Conn. 514, 524-525 (1939). This same principle of law has been held to apply to an owner of property as well as to a tenant in possession; Cimino,652 F. Supp. at 955; Dahlstrom v. Roosevelt Mills, Inc.,27 Conn. Sup. 355, 357 (1967).
While the public was invited to enter the defendant's establishment, there existed no public right to come upon the premises. Dahlstrom, 27 Conn. Sup. at 357. The plaintiff, therefore, was not in the exercise of any public right while on the defendant's property and he cannot base his right to recover upon the existence of a public nuisance. See Id. at 357.
Accordingly, the motion to strike is granted.
DRANGINIS, J.