[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Rite Aid of Connecticut, Inc., filed on June 2, 1992 a motion to strike (#129) the second count of the plaintiff's amended complaint dated November 4, 1991 (#117). The motion was filed pursuant to Practice Book 152, on the grounds that it fails to state a claim for either public or private nuisance.
The plaintiff, Evylene Spigarolo, has brought suit alleging that she was injured on or about July 23, 1989, when she fell in the Passport Food Outlet of Norwalk, Connecticut. Moreover, the plaintiff asserts that a cause of action in nuisance has been sufficiently and clearly alleged in the amended complaint.
A motion to strike is used to challenge the legal sufficiency of a pleading. Mingachos v. CBS, 196 Conn. 91, 108,491 A.2d 368 (1985). "The court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
In this case, the plaintiff contends that a cause of action lies in both public and private nuisance. "A public nuisance is CT Page 7762 an unreasonable interference with a right common to the general public." Restatement, Second, Torts 821B. In Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355, 357, 238 A.2d 431
(1967), the plaintiff was invited and solicited to enter the defendant's store, but could not recover under public nuisance. The court held that while "[t]he public was invited to enter, there was no public right to do so, and the defendant's establishment was not a public place where the public had a right to be." Id.
In the case at bar, the plaintiff alleges that the slippery floor had a natural tendency to inflict injury upon members of the public, but fails to assert a public right to be in the defendant's store.
The remaining allegations in the second count of the amended complaint assert a claim of private nuisance. "One is subject to liability for a private nuisance if, but only if, his conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of land. . ." Restatement, Second, Torts 822. In Couture v. Board of Education, 6 Conn. App. 309,315, 505 A.2d 432 (1986), the court held that the plaintiff was precluded from recovering for a private nuisance because the plaintiff's injury was not suffered in relation to his ownership of an interest in land.
The second count of the amended complaint lacks any facts or allegations that assert the "public right" requirement of public nuisance or an interest in land which is needed in a claim of private nuisance. Therefore, the defendant Rite Aid's motion to strike the second count of the amended complaint is granted.
So Ordered.
Dated at Bridgeport, Connecticut this 18th day of August, 1992.
WILLIAM B. LEWIS, JUDGE