[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff Alberta Massey alleges negligence and nuisance against both the Mall at Buckland Hills Partnership and Homart Development Company. Defendants move to strike the Third and Fourth Counts of the complaint. Counts Three and Four allege nuisance against each defendant, respectively.
The complaint alleges that the plaintiff, while shopping in the Mall at Buckland Hills, was caused to trip and fall, sustaining injury, due to the condition of certain planter holes for foliage located along walkways in the common area of the mall. The "common area" of the mall was owned and controlled by the Mall at Buckland Hills Partnership. The complaint further alleges that the condition causing the injuries sustained by the plaintiff constituted a nuisance. CT Page 1216
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,401 A.2d 368 (1985). "The plaintiff must allege some recognizable cause of action in his complaint." Robert S. Weiss and Associates v. Wiederlight, 208 Conn. 525, 535 (1988). "In ruling on a motion to strike the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
Counts Three and Four of the complaint allege nuisance on the part of the Mall at Buckland Hills Partnership and Homart Development Company, respectively.
Two forms of nuisance are recognized in Connecticut, private nuisance and public nuisance. A claim of private nuisance ". . . exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." Webel v. Yale University, 125 Conn. 515,524, 7 A.2d 557 (1939). The plaintiff here has made no allegation of her ownership in the land in question. Therefore no private nuisance can exist.
Public nuisances ". . . violate public rights, and produce a common injury, and . . . constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public." Higgins v. Conn. Light and Power Co.,120 Conn. 606, 611, 30 A.2d 388 (1943). (Citing 39 Am. Jr. 286). Furthermore, a nuisance is public "where it affects the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled." Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355, 356,238 A.2d 431 (1967). (Citing 66 C.J.S. 730, Nuisances, 2). The property in question is privately owned, yet it is held open to the public. However, ". . . a person entering a premises at the express or implied invitation of a tenant or owner is not exercising a public right." Stewart v. Federated Department Stores, Inc., 1991 Conn. Super. LEXIS 1077, (1991). Here, the plaintiff has failed to allege facts that she entered the shopping mall as a matter of public right or that the condition complained of interfered with a right common to the general public.
This question has been similarly answered in the recent Connecticut Superior Court case of Smith v. Monitor Management in which Judge Ballen noted that "[a]s a patron, the plaintiff CT Page 1217 was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the [mall], and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the defendant's establishment was not a public place where the public had a right to be. The plaintiff was not in the exercise of any public right while on the defendant's premises, and [s]he cannot base [her] right to recover upon the existence of a public nuisance." 1991 Conn. Super. LEXIS 140 (1991). (Citing Dahlstrom v. Roosevelt Mills, Inc.,27 Conn. Sup. 355 (1967)).
Due to the fact that the plaintiff was not acting as a member of the general public, but instead as a visitor, a claim for public nuisance cannot be supported.
For the foregoing reasons, the defendant's motion to strike Counts Three and Four is granted.
Sheldon, J.