[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants' move to strike count two and count six of the plaintiffs' complaint on the grounds that they do not properly set forth a cause of action sounding in public nuisance. The common issue is whether a business invitee has a public right when entering upon private property.
The plaintiffs allege in count two that the defendant, CT Page 11242-A Bradlees, Inc., owned, possessed, leased and/or was in control of the subject premises. In count six, the plaintiffs allege that the defendants individually and/or as trustees, owned and controlled the subject premises.
In Webel v. Yale University, 125 Conn. 515, 524, the court said, "One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." In Cimino v. Yale University, 638 F. Sup. 952 (D. Conn. 1986), the court granted the defendants' motion to dismiss the public nuisance claim. The court quoted Dahlstrom v. RooseveltMills, Inc., 27 Conn. Sup. 355, 357, 238 A.2d 431 (1967) in saying that the same principles of law apply whether the defendant is the owner of the property or a tenant in possession. "While members of the general public who are unquestionably welcome to enter . . . and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public." Dahlstrom v.CT Page 11242-BRoosevelt Mills, Inc., supra, 357.
The subject property is privately owned. The typical public nuisance action is brought against a municipality or other governmental entity and involves public area such as thoroughfares, waterways or parks. Cimino v. Yale University,
supra, 954.
To prevail on a nuisance claim, the plaintiffs must prove four elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." Filisko v. Bridgeport Hydraulic Co.,176 Conn. 33, 35-36, 404 A.2d 889 (1978). In addition, plaintiffs alleging a public nuisance have to prove a fifth element that the condition or conduct complained of interfered with a right common to the general public. Doe v. Manheimer, 212 Conn. 748, 755-56
n. 4, 563 A.2d 699 (1989); Higgins v. Connecticut Light PowerCo., 129 Conn. 606, 611, 30 A.2d 388 (1943). Since the plaintiffs CT Page 11242-C did not exercise a public right in entering the subject premises, the defendants' motions to strike counts two and six is granted.
Leheny, J.