[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is an action for damages and personal injuries brought by the minor plaintiff, Christopher S. Wessell, through his legal guardian and father, Derek Wessell, against the defendants, Michael Coffey d/b/a Coffey Disposal Service (Coffey), A L Pharmacy d/b/a Bellantone's Pharmacy, Inc. (Pharmacy), The St. Mary's and St. Joseph's Cemetery Corporation (St. Mary's and Joseph's), The Laurel Realty Company (Laurel Realty) and Robert Bellantone.
The plaintiff's amended eighteen count complaint alleges that Coffey, its agents, servants or employees, maintained and/or owned a refuse dumpster located behind the Pharmacy within premises known as the AP Shopping Center on Norwich CT Page 27 Avenue, Norwich, Connecticut, that this dumpster had a pipe or bar extending out of it and that, on or about June 12, 1993, the plaintiff suffered serious and numerous personal injuries as a result of a pipe, bar and/or handle extending out of the dumpster. The amended complaint further alleges that St. Mary's and Joseph's owned the AP Shopping Center, that St. Mary's and Joseph's leased the property to Laurel Realty and that Laurel Realty subleased the property to various stores in the shopping center.
Laurel Realty has filed a motion to strike counts fourteen and eighteen against it, which allege absolute nuisance and negligent nuisance, respectively; Coffey has filed a motion to strike counts eleven and fifteen against it, which also allege absolute and negligent nuisance, respectively; and St. Mary's and Joseph's has filed a motion to strike counts thirteen and seventeen against it, which, again, allege absolute and negligent nuisance, respectively.
The only remedy by which to test the sufficiency of a cause of action or defense, whether stated in one pleading, count or defense, or in a paragraph or paragraphs thereof, is a motion to strike. Donovan v. Davis, 85 Conn. 394, 397-98
(1912). In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion and unspecified grounds can not furnish a basis for granting the motion. Merideth v. Police Commission, 182 Conn. 138, 140-41
(1980). A trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990). These facts do not include, however, legal conclusions or opinions stated in the complaint. S.M.S.Textile v. Brown Jacobson, Tillinghast, Lahan King, P.C.,32 Conn. App. 786, 796 (1993). The court must "construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384 (1994). The sole inquiry on a motion to strike is whether the plaintiff's allegations, if proved, would state a cause of action. Doyle v. A P Realty, 36 Conn. Sup. 126, 127 (1980).
All of the defendants' motions raise the same legal issues and they will be considered together.
I. Absolute Nuisance-counts eleven, thirteen and fourteen.
CT Page 28
Each of the defendants asserts that the plaintiff's claim of absolute nuisance against it is legally insufficient on the basis that absolute nuisance requires intentional conduct by a defendant in the creation or maintenance of the dangerous condition and the plaintiff has failed to allege any facts different and distinct from those upon which it relies to support its claim of negligent nuisance.
"The term nuisance refers to the condition that exists, not to the act or failure to act that creates it. If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and the creator is strictly liable."Quinnett v. Newman, 213 Conn. 343, 348 (1990). "A plaintiff cannot transform a negligence count into a count for wilful and wanton conduct merely by appending a string of adjectives to allegations that clearly sound in negligence. In this case the plaintiff's injection of the words `intentionally and knowingly' in his amended complaint failed to constitute additional factual allegations that would alter the nature of the conduct complained of." (Citations omitted.) Brown v. Branford,12 Conn. App. 106, 110 (1987).
The plaintiff argues that the rule stated in Brown is not applicable to the present case, because it was not directed to the issue of nuisance in that case. The rule stated in Brown,
however, is a generally applicable rule of law in this state. E.g., Jimenez v. Schell, Superior Court, judicial district of Stamford-Norwalk, at Norwalk, Docket No. 12 72 65 (November 8, 1994, Lewis, J.) (plaintiff must support claim of recklessness seeking double and/or treble damages under General Statutes § 14-295 with factual allegations different and distinct from those upon which it relies to support a claim of negligence).
The plaintiff's claims of absolute nuisance against each defendant are identical to the claims of negligent nuisance (counts fifteen, seventeen and eighteen) made against each defendant, with the exception of the insertion of words of intent into paragraph seven of each of the counts claiming absolute nuisance. Therefore, the plaintiff's claims of absolute nuisance are legally insufficient.
II. Negligent Nuisance-counts fifteen, seventeen and eighteen.
Each defendant also seeks to strike the negligent nuisance CT Page 29 claim made by the plaintiff against it on the grounds that a claim of negligent nuisance may not lie for an injury suffered on privately owned land. The plaintiff's complaint alleges that the land was owned by St. Mary's and Joseph's and leased by it to Laurel Realty. There is no allegation that Coffey had any ownership interest in the land. Also, since the plaintiff does not allege that he had any ownership or possessory rights in the property upon which he was injured, the court must assume that he is claiming that the alleged condition of the dumpster constituted a negligent public, as opposed to private, nuisance.
 To establish a [public] nuisance, four elements must be proven: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages.
Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35
(1978). State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183 (1977). Each defendant argues that the plaintiff's claims are legally insufficient to meet the public right element.
"One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Webel v. Yale University, 125 Conn. 515,524-25 (1939). "The same principles of law apply whether the defendant is the owner of the property or a tenant in possession." Cimino v. Yale University, 638 F. Sup. 952, 955
(D.Conn. 1986) (citing Dahlstrom v. Roosevelt Mills, Inc.,27 Conn. Sup. 355, 357 (1967)). Therefore, even taking the plaintiff's allegations as true, they are not sufficient to sustain a claim of public nuisance against any of the defendants.
The plaintiff argues that the case of Keith v. PrimeHospitality Corp., Superior Court, judicial district of New Haven, at New Haven, Docket No. 35 98 29 (August 5, 1994, CT Page 30 Hartmere, J.), is applicable to the present case. In Keith, the defendant filed a motion to strike a count of the plaintiff's complaint claiming nuisance on the grounds that the plaintiff had failed to allege that the dangerous condition interfered with the plaintiff's exercise of a public right. The plaintiff in that case had fallen into an uncovered seven foot deep drainage culvert abutting the defendant's property. The court denied the defendant's motion. The plaintiff in the present case clearly alleges that his injury was caused by a dangerous condition that existed on privately owned and/or controlled property. Therefore, no distinction exists to remove the present case from the principles of law stated in Webel andCimino.
The plaintiff's claims of negligent public nuisance against each of the defendants in the present case are legally insufficient to state a cause of action.
For the reasons stated above, Laurel Realty's motion to strike counts fourteen and eighteen, Coffey's motion to strike counts eleven and fifteen, St. Mary's and Joseph's motion to strike counts thirteen and seventeen are granted.
Hendel, J.