[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MADISON SQUARE ASSOCIATES MOTION TO STRIKE PUBLICNUISANCE COUNT
In this case the defendant has filed a motion to strike the fourth count which alleges a public nuisance. The plaintiff in this count alleges that for a period of time prior to the plaintiff's fall, the defendant had notice of the icy condition of "the front sidewalk leading to the defendant bank which is owned by the defendant Madison Square Associates Limited Partnership. (par. 9). In the following paragraph the plaintiff alleges the icy condition had a natural tendency "to create danger and inflict injury upon the public entering upon the defendant's property." Paragraph 11 alleges that despite all this the defendant "failed to safeguard person(s) lawfully entering upon said premises." Paragraph 12 states that the icy sidewalk represented an unreasonable and/or unlawful use of the property CT Page 5114-EEEE in that it exposed the general public on said premises to danger. In earlier paragraphs incorporated from the first count, however, the plaintiff alleges she was on the premises "for purposes of making a deposit of money" and that she "walked along a front sidewalk provided by the defendant (bank) for its customers."
The defendant has filed a motion to strike claiming the pleadings are legally insufficient for the purposes of setting forth a "public" nuisance claim. The standards to be applied in deciding a motion to strike are well known; primarily it must be kept in mind that the pleading of the non-moving party must be given that construction which is most favorable for the purposes of resisting the motion to strike.
The plaintiff first makes a procedural objection to the motion being heard saying that it is defective because the defendant did not properly state the basis of the motion in the body of the motion. But the motion does claim that it is being filed because the fourth count fails to state a cause of action of public nuisance. The brief attached to the motion explicitly raises the argument that no "public" nuisance is alleged. There is no claim here that the plaintiff was misled by the wording of the motion and in fact responded on the merits to the specific claim argued in the defendant's brief. The motion should be heard on the merits.
The plaintiff does not dispute that this nuisance action is not a private but a public nuisance. A leading case is Webel v.Yale University, 125 Conn. 515 (1939). In that case an invitee in a beauty shop, while leaving the rest room, fell because the floor was seven inches lower between the two rooms. The court held her right to recovery was only in negligence not private or public nuisance. The court said that "One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right but is there by reason of a right extended to him by the tenant; and if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Id. pp. 524-525, cf Dahlestromet al. v. Roosevelt Mills, Inc., 27 Conn. Sup. 355 (1967).
The Restatement 2d Torts at § 821 B(g) says that: "Conduct does not become a public nuisance merely because it interferes with the use and enjoyment of land by a large number of persons. There must be some interference with a public right. A public right is one common to all members of the general CT Page 5114-FFFF public. . . . It is not however, necessary that the entire community be affected by a public nuisance, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right or it otherwise affects the interests of the community at large. The obstruction of a public highway is a public nuisance, although no one is travelling upon the highway or wishes to travel on it at the time." Prosser Keeton On Torts, 5th ed. define a public nuisance as an act or omission which obstructs or causes inconvenience or damage to the public in the exercise of rights common to all. The nuisance must affect an interest common to the general public rather than peculiar to one person or even several people. Again for Prosser the most obvious illustration is the obstruction of a public highway, § 90, pp 643-646. In 58 Am.Jur.2d § 40 it says: "Public nuisances have variously been said to exist wherever acts or conditions constitute an obstruction of public rights — those rights common to all members of the general public, which are collective in nature — or where they affect the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled or where such acts or conditions are subversive of public order, decency, or morals, and, it has been said that the interference with a public right is the sine qua non of a cause of action for public nuisance."
In this case the plaintiff was not exercising a right common to the public at large. Paragraph 3 explicitly states: "The plaintiff walked along a front sidewalk provided by the defendantfor its customers. The front walk leading to the bank was covered with a natural accumulation of ice and snow." (emphasis added). Paragraph 9 states "the defendant, its agents and servants had notice or in the exercise of reasonable care should have had notice of the icy condition of the front sidewalk leading to the bank."
This is not a case of the claimed obstruction of a public highway or sidewalk which happens to be in front of a private business or which even can be said to be a public highway that gives access to the business property where the fall occurred as well as to other properties. cf Stop Shop Companies Inc. v.Fisher, 444 N.E.2d 368, 369, 371 (Mass., 1983). The court does not agree with Keith v. Prime Hospitality Corp., 9 CSCR 1048
(1994) insofar as it departs from these principles. But given the broad allegations of the complaint in that case and the obligation of the court to give the most favorable reading to the pleadings of the non-moving party where a motion to strike is CT Page 5114-GGGG filed the court in Keith really cannot be said to take a different view from the authorities previously cited. There the defect was located in a culvert "adjacent" to a parking lot and the complaint alleged the defendant's control of the lot and the culvert presented a danger not only to those entering the property as business invitees but to those persons "lawfully having a right to enter upon such property."
In any event given the narrow and explicit allegations of this complaint the court will grant the motion to strike the fourth count in nuisance.
Thomas Corradino, Judge