[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 28, 1997
The defendant Horizon Services Corporation has filed a motion to strike the ninth, tenth, and twelfth counts of the plaintiff's third amended complaint. The plaintiff has raised procedural objections to the court's ruling on this motion but the court will exercise its discretion to do so. Questions of law are raised which will have to be resolved by summary judgment or trial in any event and it will expedite this litigation if these matters are decided by the court.
NINTH COUNT
This is a slip and fall case. The plaintiff fell while shopping in a store. The plaintiff has sued the store and Horizon which had the responsibility of maintaining and caring for the floors within the store.
In the Seventh and Eighth Count the plaintiff alleges negligence and in the Ninth Count there is an allegation of recklessness. The defendant moves to strike the Ninth Count based on Durmond v. Dennehy, 145 Conn. 88, 91 (1958) and Dubay v.Irish, 207 Conn. 518, 532 (1988). The claim is made that there CT Page 3653 are not sufficient specific facts alleged to rise to the level of recklessness — the plaintiff merely alleges a legal conclusion.
How does one allege a mental state however? In fact, the allegations of the Ninth Count are different in certain respects from the negligence counts. In paragraph 8(a) of that count the allegation is made that Horizon knowingly maintained a dangerous condition knowing that such condition could lead to severe consequences. This is enough to avoid a motion to strike, c.f.Knoblauch v. Atlantic Ventilating Equipment Co., Inc., et al.,10 CONN. L. RPTR. 275 (1993). The court must give the pleadings of the nonmoving party that reading which is most favorable on a motion to strike. Amodio v. Cunningham, 182 Conn. 80, 82 (1982).
TENTH COUNT
The plaintiff was a business invitee in the premises of a store. She was shopping in the store. The plaintiff has not alleged any interest in land that has been interfered with so the only viable nuisance claim would have to be a public nuisance cause of action. The plaintiff tries to distinguish Webel v. YaleUniversity, 125 Conn. 515 524 (1939), arguing that its broad language seeming to bar her claim is somehow limited by the facts of that case. According to the plaintiff, the court's general language only supports a rule that an invitee's right to recover against an owner where the invitee is present at the tenant's, not the owner's, invitation cannot be greater than the right to recover the tenant would possess against the owner. Later cases have not taken that view, however. See Dahlstrom, et al. v.Roosevelt Mills, Inc., 27 Conn. Sup. 355 (1967), which held that a plaintiff injured in a store was not in the exercise of any "public right" and thus could not base a right of recovery on the existence of a public nuisance. The court cited Higgins v. CLP,129 Conn. 606, 611 (1943), which said that nuisances are public where they violate public rights and produce a common injury and where they are an obstruction to public rights — that is, rights enjoyed by citizens as part of the public. The Dahlstrom
court went on to say at page 357 that: "As a patron, the plaintiff was an invitee while on the defendant's establishment. While members of the general public were unquestionably welcome to enter the store, and even solicited to do so, nevertheless, they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the CT Page 3654defendant's establishment was not a public place where the publichad a right to be." (Emphasis added.) Also see Bashura v.Strategy Plus, Inc., 1195 Ct. Sup. 12115 (1995), where a public nuisance claim was also rejected in a case where an invitee to an amusement facility was injured while playing a game.
The motion to strike the Tenth Count is granted.
TWELFTH COUNT
This count is stricken. It appears unnecessary and redundant since the plaintiff has made direct claims against the apportionment defendant Horizon. Public Act 95-111 provides a plaintiff can add an apportionment defendant in response to a counterclaim asserted against the plaintiff — no such counterclaim has been made here. It is unclear but this count seems to be an assertion by the plaintiff of an apportionment claim against an apportionment defendant brought in by the original defendant to reduce that defendant's liability. There appears to be no statutory basis for such a procedure. This count is stricken.
The motion to strike is denied as to the Ninth Count and granted as to the Tenth and Twelfth Counts.
CORRADINO, J.