[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The defendant moves to strike counts four and eight of the plaintiffs' complaint alleging that the plaintiffs' failure to state a legally sufficient cause of action in nuisance.
The plaintiffs, Gloria D'Elia, Hanna D'Elia, and Alan D'Elia, filed a complaint on May 6, 1999, alleging in eight counts that the defendants, Mattatuck Realty Associates and Shop Rite Supermarkets, were negligent and created a nuisance in failing to maintain the premises of the Waterbury Shop Rite Supermarket at the parking/sidewalk area, resulting in injury to the plaintiff, Gloria D'Elia, and her daughter, Hanna D'Elia. On June 4, 1999, the defendant, Shop Rite Supermarkets, filed a motion to strike counts four and eight of the plaintiffs' complaint, on the ground that the plaintiffs' complaint failed CT Page 13526 to set forth a cause of action sounding in nuisance. As required by Practice Book § 10-42, the defendant has filed a memorandum in support of its motion to strike. The plaintiffs have not filed a memorandum in opposition to the defendant's motion to strike.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. See Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996). "[T]he filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such may still serve as a ground for granting a motion to strike." Olshefski v.Stenner, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 351899 (September 27, 1990,Clark, J.) (2 Conn. L. Rptr. 477, 478). "Although a timely memorandum is required, the failure to so file it can be waived by the trial court." Fitzpatrick v. East Hartford B.P.O. Elks, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 380905 (January 25, 1991, Clark, J.).
The defendant argues in its memorandum in support of its motion to strike that counts four and eight of the plaintiffs' complaint "fail to set forth the allegations necessary to allege a claim for private (or public) nuisance. . . . " A private nuisance is present only where a plaintiff is injured in relation to "a right which [he] enjoys by reason of [his] ownership of an interest in land." (Internal quotation marks omitted.) Elliott v. City of Waterbury, 245 Conn. 385, 421,715 A.2d 27 (1998). Therefore, counts four and eight do not seek to state a claim for private nuisance because the plaintiffs do not allege injury in relation to their ownership of an interest in land.
"A public nuisance exists if: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created is a continuing one; (3) the use of the land is unreasonable or unlawful; and (4) the condition or conduct complained of interferes with a right common to the general public." Keeney v. Town of OldCT Page 13527Saybrook, 237 Conn. 135, 162-63, 676 A.2d 795 (1996). As stated by the Connecticut Supreme Court, "[o]ne who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Webel v. Yale University,125 Conn. 515, 524-25, 7 A.2d 215 (1939); Roy v. Mall at BristolCare, Superior Court, judicial district of New Britain at New Britain, Docket No. 487403 (January 19, 1999, Skolnick, J.).
Connecticut courts have held that a plaintiff, alleging a claim for public nuisance resulting from a fall on privately owned property held open to the public, does not state a claim for relief. See Massey v. Mall at Buckland Hills, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531452 (February 4, 1994, Sheldon, J.) (plaintiff's public nuisance claim stricken because no public right to be on defendant's business establishment); Laverty v. The Stop ShopSupermarket Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554032 (October 16, 1996,Hennessey, J.) (plaintiff's fall on mat to entrance of defendant's business establishment did not give rise to claim for public nuisance because no public right to be on property); see also Couture v. Board of Education, 6 Conn. App. 309,505 A.2d 432 (1986) (plaintiff could not recover on a public nuisance theory because his presence at a high school football game was not an exercise of a public right); Russo v. Town of Greenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 154836 (August 20, 1998, D'Andrea, J.) (although plaintiff was injured falling from gymnastics rings during a public school physical education class, "the plaintiff must show that the harmful condition had a tendency to create danger upon members of the general public, not just members of the public school system").
Thus, in the circumstances of this case, "[w]hile members of the general public were unquestionably welcome to enter the store, and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public." Dahlstrom v. Roosevelt Mills,Inc., 27 Conn. Sup. 355, 357, 238 A.2d 431 (1967). Because the plaintiffs' injuries occurred while on privately owned property and not in exercise of any public right, the plaintiff fails to state a cause of action sounding in public nuisance and counts CT Page 13528 four and eight are stricken.
By the court,
GILL, J.