[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's motion to strike Count Two of the plaintiff's complaint. The defendant argues that, as a matter of law, the plaintiff has failed to sufficiently plead a cause of action for public nuisance. Count Two sounds in nuisance. Specifically, the plaintiff claims in that count that an elevator in the building owned and operated by the defendant was a public nuisance in that: the museum was open to the public and held itself out to be safe; that the dangerous condition had a natural tendency to create danger and inflict injury; that the danger created was a continuing one; that the use of the museum of the elevator was unreasonable or unlawful; and that the dangerous condition interfered with the rights of the general public. The plaintiff has filed an opposition to this motion contending that the issue of whether the allegations are sufficient to support a claim for public nuisance is an issue of fact.
"Public nuisances `. . . violate public rights, and produce a common injury, and . . . constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public.' Higgins v. Conn. Light and Power Co., 120 Conn. 606, 611,30 A.2d 388 (1943). (Citing 39 Am. Jr. 286). Furthermore, a nuisance is public "where it affects the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled.' Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355,356, 238 A.2d 431 (1967). (Citing 66 C.J.S. 730, Nuisances, 2)." CT Page 4705Massey v. The Mall At Buckland Hills, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531452 (February 4, 1994, Sheldon, J.). Thus, in order to sufficiently plead a cause of action for a public nuisance the plaintiff must allege that the condition which would constitute a nuisance was in a public place and/or that the condition violated that public rights of an individual.
In the instant matter, the plaintiff does not claim that the defendant is a public institution. Rather, she claims that the museum was "open to the public." Merely alleging that an institution is open to the public is insufficient to support a claim for public nuisance. There must also be a tenable claim that the person entering the property is exercising a public right. The plaintiff claims that the "dangerous condition interfered with the rights common to the general public of which the plaintiff is a member." This claim is legally insufficient because the plaintiff has not specified what public right she exercised in entering the museum.
In light of the fact that the plaintiff does not allege that the defendant is a public institution, this court must treat it as a private institution which is open to the public. Connecticut courts have held that a private institution may open itself to the public without conferring upon the invitees a public right. See e.g. Massey v. Mall at Buckland Hills, supra. When "[t]he property in question is privately owned, yet it is held open to the public. . . . `a person entering a premises at the express or implied invitation of a tenant or owner is not exercising a public right.' Stewart v. Federated Department Stores, Inc., 1991 Conn. Super. LEXIS 1077, (1991)." Hensley v. 969 Assoc., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. CV96 0155522 S (June 5, 1997, Karazin, J.,1997 Ct. Sup. 6525, 6527).
This court is aware that in Vendetti v. Wadsworth, the court denied that defendant's motion to strike because of the plaintiff's blanket allegation that she was entitled to enter the museum by virtue of a public right. Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. CV93 0519498 (Aug. 10, 1993, Wagner, J. 1993 Ct. Sup. 7340, 7342). InVendetti, the court concluded that proof of that element of the plaintiff's nuisance claim was a factual issue requiring consideration of additional facts not alleged in the pleadings.Id. Unlike the court in Vendetti v. Wadsworth, this court declines to hold that merely alleging, in a conclusory assertion, CT Page 4706 that one's public right was violated is sufficient to support a public nuisance claim.
Rather, this court agrees with the holding in Hensley. To maintain a cause of action for public nuisance, a party must establish the violation of a public right. More than self-serving, conclusory statements are needed to adequately plead a violation of a public right. See e.g. Hensley v.969 Associates, Supra. In the Hensley decision, the court held that "[a]lthough the plaintiff alleges, in conclusory fashion, that `the condition or conduct interfered with a right common to the general public'. . . the plaintiff has failed to allege facts sufficient to establish that she was in the exercise of a public right." Id.
The plaintiff in this case, has not supported her claim with facts sufficient to establish that she was exercising a public right. Absent a legally sufficient allegation that the plaintiff was exercising a public right, her claim for public nuisance must fail. Therefore, this court grants the defendant's motion to strike count two of the complaint.
Angela Carol Robinson Judge