[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE #122
 FACTS
The plaintiff, William R. Silveira, filed a complaint consisting of two counts on January 22, 1999. In the second count of the complaint,[1] labeled "Public Nuisance," the plaintiff alleges that the defendants, Donald E. Nowsch and Barbara Nowsch are lessees of real property located at 359 Thames Street in Groton. The plaintiff further alleges that he was injured while walking on a parking lot and driveway located on the property. Specifically, he claims that his injuries were caused by a drop in the elevation of the pavement at the point where the parking lot and the driveway meet. According to the complaint, the parking lot was "for public use" and the plaintiff was walking on the parking lot "in his capacity as a member of the general public."
On December 13, 1999, the defendants filed a motion to strike count two of the complaint on the ground that the plaintiff does not allege that he was exercising a public right when he entered the premises and was injured and that he has therefore failed to state a claim for public nuisance. The motion to strike is accompanied by a memorandum of law. The plaintiff has filed a memorandum of law in opposition to the motion to strike, and the defendants have filed a reply memorandum.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book §10-39. "A motion to strike admits all facts well pleaded; it does "not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotations marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in CT Page 4855 the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (internal quotation marks omitted.) Id., 580.
In their memorandum of law in support of the motion to strike, the defendants argue that the plaintiff has failed to allege facts sufficient to support a cause of action for public nuisance. Specifically, the defendants claim that the plaintiff has not alleged facts demonstrating that he was exercising a public right when he was injured in the parking lot. In response, the plaintiff argues that the complaint is sufficient to support a claim of public nuisance in that it contains allegations that the parking lot was created for and dedicated to the use of the general public, and that the plaintiff was on the property in his capacity as a member of the public.
"A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." (Internal quotations marks omitted.) Elliott v. Waterbury,245 Conn. 385, 420, 715 A.2d 27 (1998). When a public nuisance is alleged, "the plaintiff has the additional burden associated with establishing a public nuisance, namely, proving that the nuisance interferes with a right common to the general public." Id., 421.
"Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public. . . . [I]f the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." (Citations I omitted; internal quotations marks omitted.) Higgins v. Connecticut Light Power Co., 129 Conn. 606, 611, 30 A.2d 388
(1943).
Our Supreme Court has held that "[o]ne who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by CT Page 4856 reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Webel v. Yale University,125 Conn. 515, 524-25, 7 A.2d 215 (1939). This principle was later discussed in Dahlstrom v. Roosevelt Mills, Inc.,27 Conn. Sup. 355, 238 A.2d 431 (1967), in which the court ruled that the condition of a vending machine located on the premises of a store could not constitute a public nuisance: "As a patron, the plaintiff was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the store, and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the defendant's establishment was not a public place where the public had a right to be. The plaintiff was not in the exercise of any public right while on the defendant's premises, and he cannot base his right to recover upon the existence of a public nuisance." Id., 357.
This court previously recognized the principle that one entering private premises as an invitee is not exercising a public right and therefore may not recover on a theory of public nuisance in Mounts v. McDonald's Corp., Superior Court, judicial district of New London at New London, Docket No. 539285 (December 10, 1998, Martin, J.). Nearly all other Superior Court opinions examining the issue have reached the same conclusion. See, e.g., D'Elia v. Mattatuck Realty, Superior Court, judicial district of Waterbury, Docket No. 152745 (October 4, 1999, Gill, J.); Hensley v. 969 Associates, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 155522 (June 5, 1997, Karazin, J.); Norton v. Land Management, Inc., Superior Court, judicial district of New Haven, Docket No. 391950 (December 12, 1996, Blue, J.); Brown v. Shawmut National Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 383347 (July 30, 1996, Corradino, J.); Anzellotti v. National Amusements, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 546129 (February 20, 1996, Hennessey, J.); but see Keith v. Prime Hospitality Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 359829 (August 9, 1994, Hartmere, J.).
In the present case, the plaintiff has alleged in his complaint that the parking lot and driveway where he was injured were located on private property leased by the defendants. These CT Page 4857 allegations, which are taken as true for the purpose of this motion to strike, establish that the plaintiff was not on the defendants' parking lot or driveway by operation of any public right. Although the complaint states that the plaintiff was on the property in his capacity as a member of the general public, there are no facts alleged to support this conclusion. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
 CONCLUSION
The complaint alleges that the plaintiff was injured by the dangerous condition of a parking lot and driveway located on private property leased by the defendants. There are therefore no facts in the complaint to support the plaintiff's legal conclusion that the plaintiff was exercising a public right when he walked across the pavement. Consequently, the plaintiff has failed to allege facts establishing one of the necessary elements of a public nuisance. The motion to strike the second count of the complaint is granted.
Martin, J.