[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: DEFENDANT'S MOTION TO STRIKE (#106)
In the second and fourth counts of the complaint, the plaintiff, Robert Czark, asserts nuisance claims against the defendant Westland Properties, Inc. and the defendant Interstate Cleaning Corp., respectively. The plaintiff claims that he was injured when he fell on a wet and slippery floor at a shopping mall owned by Westland Properties. The defendants move to strike counts two and four on the basis that the plaintiff fails to allege either a private or a public nuisance. The plaintiff objects arguing that it has stated valid public nuisance claim.
"A common-law nuisance claim consists of four core elements: (1) the condition complained of had the natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages." (Internal quotation marks omitted.)Elliott v. Waterbury, 245 Conn. 385, 420, 715 A.2d 27 (1998). A nuisance may be either private or public. A nuisance is private "where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." (Internal quotation marks omitted.) Webel v.Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939). If a claim cannot be sustained as a private nuisance, the plaintiff has the additional burden associated with establishing a public nuisance, namely, proving that the nuisance interferes with a right common to the general public." (Internal quotation marks omitted.) Elliott v. Waterbury, supra, CT Page 8742245 Conn. 421. Here, the plaintiff does not allege that his injury was related to his ownership interest in land. Therefore, his allegations must meet the requirements of a public nuisance.
"Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public." (Internal quotation marks omitted.) Higgins v. Connecticut Light PowerCo., 129 Conn. 606, 611, 30 A.2d 388 (1943). The plaintiff alleges that he was injured while he was a patron inside the shopping mall owned by Westland Properties. "As a patron, the plaintiff was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the [mall] . . . they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. . . . [T]he defendant's establishment was not a public place where the public had a right to be. The plaintiff was not in the exercise of any public right while on the defendant's premises, and he cannot base his right to recover upon the existence of a public nuisance. . . . [W]hether the defendant was the owner of the premises in question or a tenant thereof . . . in either case the same principles of law must be applied." Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355, 357,238 A.2d 431 (1967).
Although the plaintiff alleges that the wet and slippery floor upon which he fell was a dangerous condition which had "the natural tendency to inflict injury upon the public including the plaintiff," he "has failed to allege that [he] was injured while exercising a public right."Laverty v. Stop Shop Supermarket, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 554032 (Oct. 16, 1996,Hennessey, J.); see also Smith v. Monitor Management, Superior Court, jucjicial district of Fairfield at Bridgeport, Docket No. 272186 (January 9, 1991, Ballen, J.). Accordingly, the plaintiff cannot base his right to recover upon a public nuisance.
For the reasons given above, counts two and four of the plaintiff's complaint are stricken for failure to allege either a private or a public nuisance cause of action.
HAUSER, J.